UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No.:

ARRIVAL STAR, SA, and MELVINO
TECHNOLOGIES LIMITED,

      Plaintiffs,

v.

MGN LOGISTICS, INC.

      Defendant.

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), through their undersigned counsel, hereby sue the above-named defendants for patent infringement, and in support, allege as follows:

## NATURE OF THE LAWSUIT

1.      This is an action for patent infringement of United States Patent Numbers: 6,952,645; 7,400,970; and 6,904,359; arising under the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3.      This Court has personal jurisdiction over Defendant pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that the Defendant:  (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of

Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5.      ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.  ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6.      Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.  Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE PLAINTIFFS' PATENTS

7.      Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005.  A copy of the '645 patent is attached hereto as Exhibit 1.

8.      Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 2.

9.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 3.

### THE DEFENDANT

10.     Defendant MGN Logistics, Inc. ("MGN") is a Pennsylvania Corporation with a principal place of business located at 712 Ferry Street, Easton, PA. MGN is officially authorized to transact business in Florida as a Foreign Profit Corporation, and has a registered agent in Winter Park, Florida. MGN transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services that infringe claims of the '645, '970 and '359 patents.

### COUNT I – MGN
### DIRECT PATENT INFRINGEMENT

11.     Plaintiffs hereby incorporate Paragraphs 1 through 10 set forth above as if fully set forth herein.

12.     Pursuant to 35 U.S.C. § 271, MGN has infringed claims of the '645, '970, '359 patents through, among other activities, the commercial sale, offer and/or use of its Tracking and Tracing System and other programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '645, '970, '359 patents.

13.     Furthermore, Plaintiff would argue that a means plus function claim is present. By way of example, claim 40 of the 359' Patent, "(a) means for permitting the user to predefine one or more events that will cause creation and communication of the vehicle status report, comprising....(b) means for analyzing data indicative of travel of the mobile vehicle; (c) means for enabling initialization of communication links from the host computer system to a remote

communications device to be notified, when appropriate, based upon the predefined one or more events and date indicative of travel; and (d) means for delivering the status report from the host computer to the notified remote communications device during a second communication link, the status report indicating occurrence of the one or more events."

14.     MGN direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '645, '970, '359 patents.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against MGN and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with MGN granting the following relief:

A.      An award of damages against MGN adequate to compensate Plaintiffs for the infringement that has occurred with respect to MGN together with prejudgment interest from the date that MGN infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against MGN prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

### COUNT II – MGN
### INDIRECT PATENT INFRINGEMENT

15.     Plaintiffs hereby incorporate Paragraphs 1 through 10 set forth above as if fully set forth herein.

16.     Pursuant to 35 U.S.C. § 271, MGN has infringed claims of the '645, '970, '359 patents through, among other activities, the commercial sale, offer and/or use of its Tracking and Tracing System and programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '645, '970, '359 patents.

17.     Furthermore, Plaintiff would argue that a means plus function claim is present. By way of example, claim 40 of the 359' Patent, "(a) means for permitting the user to predefine one or more events that will cause creation and communication of the vehicle status report, comprising....(b) means for analyzing data indicative of travel of the mobile vehicle; (c) means for enabling initialization of communication links from the host computer system to a remote communications device to be notified, when appropriate, based upon the predefined one or more events and date indicative of travel; and (d) means for delivering the status report from the host computer to the notified remote communications device during a second communication link, the status report indicating occurrence of the one or more events."

18.     MGN's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '645, '970, '359 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against  and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with MGN, granting the following relief:

A.      An award of damages against MGN adequate to compensate Plaintiffs for the infringement that has occurred with respect to MGN, together with prejudgment interest from the date that MGN infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against MGN prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 23, 2015.                           Respectfully submitted,

__/S/Jason Dollard_____
Jason P. Dollard, Esquire
Florida Bar Number: 0649821
Leslie Robert Evans & Assoc., PA
214 Brazilian Avenue, Suite 200
Palm Beach, Florida 33480
Telephone: 561-832-8288
Facsimile: 561-832-5722
Email: jdollard@lrevanspa.com

**Counsel for Plaintiffs**